719

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**ZHONG ZHU LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 05–2944–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Dehai Zhang, Flushing, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Eastern District of Texas, Fred T. Hinrichs, Assistant United States Attorney, Houston, TX, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, HON. RICHARD C. WESLEY, Circuit Judges.

720

### SUMMARY ORDER

Petitioner Zhong Zhu Lin, a citizen of the People's Republic of China, seeks review of the May 17, 2005 order of the BIA dismissing his appeal from the January 16, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying his applications for asylum and withholding of removal. *In re Zhong Zhu Lin,* No. A79 407 358 (BIA May 17, 2005), *aff'g* No. A79 407 358 (Immig. Ct. N.Y. City Jan. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335–37 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Substantial evidence supports the IJ's adverse credibility finding. For instance, the IJ found that Lin's statements in the airport and credible fear interviews concerning his fear of return to China contradict his testimony at the hearing, as relate to material elements of his claim for relief (his alleged arrest, the fact that his wife was pregnant with their second child, and the fact that he had hid her to elude family planning officials). Because the transcripts of the interview statements bear "hallmarks of accuracy," the IJ reasonably relied on them in support of his adverse credibility determination. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 181 (2d Cir.2004). The IJ was also reasonable in deciding that Lin's explanations for the discrepancies were inadequate. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Lin argues that the IJ erred in failing to consider the record in its entirety. Absent any indication to the contrary, however, we must assume that the agency considered all the evidence in the record. *See Xiao Ji Chen,* 471 F.3d at 337 n. 17 ("we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).